# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN PRIESTLY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.  CIV-24-1032-HE |
| | ) |
| **DEPARTMENT OF THE TREASURY et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's application to proceed in forma pauperis—that is, without prepaying fees or costs—under 28 U.S.C. § 1915. Doc. 2.[1] United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Because Plaintiff has failed to supplement his application as the Court ordered, the undersigned recommends denying Plaintiff's application.

To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees, which is $405.00 for

---

[1]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

civil cases.[2] *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed in forma pauperis. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

Turning to the first factor, Plaintiff's complaint concerns "bank fraud & federal taxes," apparently related to a separate matter concerning Plaintiff's violation of a restraining order. *See* Doc. 1. The Court makes no conclusions about the frivolousness of his claims at this time. As for the second factor, Plaintiff is not a prisoner, so the special concern placed on prisoner complaints does not apply. Finally, as for the third factor, Plaintiff's in forma pauperis application was not on the correct form and lacked some necessary

---

[2] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

information. Most notably, Plaintiff did not explain how he provides for his daily needs, such as housing, food or transportation. Indeed, it did not mention any regular expenses except for his support of Afghan refugees. Concerned it had incomplete information about Plaintiff's expenses, the Court ordered him to refile his application on the correct form—and with complete financial information—by October 24, 2024.

To date, Plaintiff has not filed a new application, nor has he shown good cause for his failure to do so or requested an extension of time to comply with the Court's order.[3] Because Plaintiff has not provided a sufficient basis to grant in forma pauperis status, the undersigned recommends the Court deny his application. Doc. 2.

The undersigned further recommends that this action be dismissed without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). **Any**

---

[3] The postal service did not return this order to the Court as undeliverable. The undersigned thus assumes it was delivered to Plaintiff at his last known address. *See* LCvR5.4(a) ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court.").

**such objection must be filed with the Clerk of the Court by November 14, 2024.** The Court further advises Plaintiff that failure to timely object to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4